STATE HIGHWAY and TRANSPORTATION
COMMISSIONER OF VIRGINIA

v.

THOMAS A. CARTER and MARY CARTER

January 12, 1979.

Record No. 770641.

Present: All the Justices.

*John S. Morris, III, Assistant Attorney General (Anthony F. Troy, Attorney General; Walter A. McFarlane, Deputy Attorney General; John S. Bundy, White, Elliot, Bundy & Jones,*on brief), for plaintiff in error.

(G. C. *Jennings*, on brief), for defendant in error.

PER CURIAM.

This is an appeal by the State Highway and Transportation Commissioner of Virginia (Highway Commissioner) from a final order of the trial court in a condemnation proceeding instituted by the Highway Commissioner against Thomas A. Carter and Mary Carter (the landowners). This order confirmed the report of trial commissioners which awarded the landowners $400 as compensation for land taken and $6800 as damages to the residue of landowners' property. We awarded a writ of error to review the Highway Commissioner's claim that the trial court erred in admitting, over the Highway Commissioner's objection, some of the landowners' evidence of damages.

In order to improve, realign and reconstruct State Route 42 in Smyth County, the Highway Commissioner deemed it necessary to acquire .08 acre from the landowners' larger .66 acre residential tract. Unable to agree with the landowners on the amount of compensation and damages to which they were entitled, the Highway Commissioner filed a Certificate of Deposit with the trial court, entered into possession of the property within the new right-of-way, and proceeded to improve and to reconstruct the highway. Trial of this proceeding occurred after construction was completed.

As a result of this taking by the Highway Commissioner, the highway right-of-way line was moved to within 40 feet of landowners' attached garage, which is approximately 10 feet above the centerline grade of the new road. The landowners' driveway entrance, a portion of the paved driveway, several shrubs and two outdoor light posts were located within the .08 acre taken for highway purposes. While the highway grade at the centerline of the pavement was changed as a result of the new constructon, the landowners' entrance and access were not substantially altered or changed. The Highway Commissioner's evidence established that he did not then contemplate any future changes in the grade of the right-of-way adjacent to the landowners' property or in landowners' access to their property.

Despite this evidence, the trial court permitted the landowners to present evidence that their existing entrance and driveway would become unusable if the Highway Commissioner should

extend the centerline grade of the new roadway to the highway boundary line adjoining landowners' property. According to the landowners' evidence, making such a change would necessitate construction of a new driveway and require remodeling the landowners' garage to change the garage entrance from the front to the side of their dwelling. The total estimated cost of such changes, as shown by landowners' evidence, amounted to $6718.

We reverse. Here the highway grade has been established and construction has been completed. The landowners are, of course, entitled to recover for the property taken and any damages which they can show resulted from that construction. But their evidence of the effect on their property of a hypothesized change of grade at some unknown future time was clearly so remote and speculative as to be inadmissible.

*Reversed and remanded.*